**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | **CHAPTER 13** |
| **RAYNALDO X. BUSH** | § | **CASE NO. 21-50116 G** |
| | § | |
| | § | |
| | § | |
| **DEBTOR(S)** | § | |

## TRUSTEE'S OBJECTION TO MOTION TO RETAIN SAVINGS

COMES NOW Mary K. Viegelahn, Trustee in the above captioned case, and files this Objection to Motion to Retain Savings. In support thereof, the Trustee would show the Court the following:

1. On February 1, 2021, The Debtor(s) filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division.

2. On August 20, 2021, the Debtor filed a Motion to Retain Savings. (ECF #25.)

3. The Motion states that on the date of filing, an amount of $8,558.00 was garnished from Debtor's bank savings account by a Receiver pre-petition and then transferred to the Chapter 13 Trustee. The Motion therein after refers to the money as "savings".

4. Referring to the $8,558.24 as "savings" appears to be a mischaracterization as this is money owed by the Debtor is the result of a pre-petition Judgment and the Creditor, through a Receiver, properly garnished Debtor's account and had in her possession cash in the amount of $8,552.24. It was as of the petition date, the Creditor's money, not the Debtor's.

5. The Trustee would note that the Debtor is the named Defendant in a pre-petition lawsuit styled Cause No. 320484; *Collins Financial Services, Inc., Successor of IRF Capital Recovery Fund, LLC as Assignee of Metris Companies, Inc. Successor of Direct Merchants Bank v. Raynaldo X. Bush;* In the County Court at Law Number 3; Bexar County, Texas. In June 2020, pre-petition, an Order Appointing Post-Judgment Receiver Linda Gimbel

Pursuant to Tex. Civ. Prac. & Rem. Code 31.002 appointing Linda Gimbel as a receiver and setting forth various rights of the receiver was entered.

6. Pre-petition, in January 2021, Ms. Gimbel received $8,558.24 in non-exempt funds from FirstMark Credit Union in response to being served with a copy of the receivership order. Upon information and belief, the funds were from a savings account, checking account and a certificate of deposit. Ms. Gimbel tendered the $8,558.24 to the Chapter 13 Trustee and the funds were received by the Trustee on or about March 2, 2021 as required by 11 U.S.C. §543.

7. The Court should take judicial notice of the Debtor's Schedule B (ECF #7) which states Debtor has a checking account with FirstMark Credit Union with a balance of $0.00 as of the Petition date. The Debtor cannot seek possession of property that was not his. In addition, the Statement of Financial Affairs #10 states "No" in answer to the question, "Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized or levied?"

8. The Motion states the $8,558.24 is needed by the Debtor for urgent home repairs and is reasonably necessary for his maintenance and his support. Exhibit A and Exhibit B (attached to ECF #25) appear to support the necessity for home repairs, however, the Trustee submits these funds are not the Debtor's property and as such the Debtor may not use them for said home repairs.

9. Paragraph III of the Motion states the Debtor "has been denied access to the use of his savings" and is therefore unable to complete the home repairs "despite the fact that Debtor's amended Plan meets the Best Interest of Creditors Test ("liquidation test")." The Motion then references Exhibit D, a transcript of a hearing on confirmation in Case No. 20-51267 held on March 25, 2021.

   a. The ruling detailed in the Exhibit "D" transcript concerns the treatment of a post-petition inheritance received by the Debtor. The Trustee would note that in the current case, the money was neither received post-petition nor is it an inheritance received by the Debtor, thus, the facts in the Exhibit "D" ruling are not applicable

to the current case.

b. Paragraph III suggests that the money is needed for home repairs. However, the current Chapter 13 Plan pending confirmation (ECF #10) appears to earmark these funds to pay the Debtor's Attorney. Section 2.1 of the Chapter 13 Plan (ECF #10) lists a plan payment of $8,558.00 in month one along with the following language in Section 8 Nonstandard Plan Provisions: "The Vasquez Law Firm will be paid in full @ $3,600 in month 1 of the plan."

10. The Trustee submits that the $8,558.24 is not the Debtor's savings, but instead is a preferential transfer subject to an avoidance pursuant to 11 U.S.C. §547. Further, because the funds are a non-exempt asset they must be paid to the allowed general unsecured claims.

11. 11 U.S.C. §551 states "any transfer avoided under 11 U.S.C. §547 is preserved for the benefit of the estate, but only with respect to property of the estate." If Creditor admits the monies were received within 90 days of filing the petition, the Trustee transfer is a preferential transfer. The Trustee asserts that this transfer is a preference pursuant to 11 U.S.C. §547. Upon information and belief, the $8,558.00 was provided to the Receiver on or about January 13, 2021. As a preferential transfer, the recovery of this preference is preserved for the estate, is a non-exempt asset that was not in the Debtor's possession at the time of filing, and should be distributed to the general unsecured creditors.

12. The Debtor could have avoided this situation by filing the Petition prior to the execution of the levy.

**WHEREFORE, PREMISES CONSIDERED,** the Trustee requests that the Court deny the Motion to Retain Savings and for such other and further relief as this court may deem proper.

Date: August 26, 2021

/s/Marshall L. Armstrong
MARSHALL L. ARMSTRONG SBN: 24027037
STAFF ATTORNEY FOR THE CHAPTER 13 TRUSTEE
marmstrong@sach13.com
10500 Heritage Blvd., Ste. 201
San Antonio, TX 78216
(210) 824-1460 fax:(210) 824-1328

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

Raynaldo X. Bush

CASE NO.:21-50116 G

DEBTOR(S)

CHAPTER 13

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the attached document was served **August 26, 2021** by First Class Mail, upon the following:

---

The Vasquez Law Firm
5411 IH-10 West Suite #100
San Antonio, TX 78201

FirstMark Credit Union
P.O. Box 701650
San Antonio, TX 78270

IRS
Special Procedures Staff -Insolvency
P. O. Box 7346
Philadelphia, PA 19101-7346

U.S. Attorney General
Dept. of Justice
950 Pennsylvania Ave. N.W.
Washingon, DC 20530

Bank of America, N.A.
P O Box 982284
El Paso, TX 79998-2238

PORTFOLIO RECOVERY ASSOCIATES, LLC
P O BOX 12914
NORFOLK, VA 23541

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

Bexar County Tax Assessor Collector
233 N Pecos La Trinidad
San Antonio, TX 78207

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

US Attorney
601 N. W. Loop 410, Suite 600
San Antonio, TX 78216

BANK OF AMERICA N.A.
P O BOX 15102
WILMINGTON, DE 19886-5102

LINEBARGER GOGGAN BLAIR & SAMPSON,
LLP
ATTN: BRADLEY S. BALDERRAMA
112 E. PECAN ST. SUITE 2200
SAN ANTONIO, TX 78205

LVNV FUNDING, LLC
C/O RESURGENT CAPITAL SERVICES
P O BOX 10587
GREENVILLE, SC 29603-0587

TOWD POINT MORTGAGE TRUST
SELECT PORTFOLIO SERVICING INC
P O BOX 65450
ATTN: REMITTANCE PROCESSING
SALT LAKE CITY, UT 84165

Carvana, LLC
PO BOX 29018
PHOENIX, AZ 85038

Select Portfolio Servicing, Inc
Attn: Bankruptcy
Po Box 65250
Salt Lake City, UT 84165

Bridgecrest
7300 East Hampton Avenue
Suite 100
Mesa, AZ 85209

Portfolio Recovery Associates, LLC
POB 41067
Norfolk, VA 23541

Bexar County
c/o Bradley S. Balderrama
112 E. Pecan Street, Suite 2200
San Antonio, TX 78205

Collins Asset Group, LLC
c/o Patti Bass
Bass & Associates, P.C.
3936 E. Ft. Lowell Road, Suite 200
Tucson, AZ 85712

Raynaldo X. Bush
619 Rockwell Blvd.
San Antonio, TX 78224

Firstmark Credit Union
Attn: Bankruptcy
P.O. Box 701650
San Antonio, TX 78270

Joseph Vargas
2422 Seminole St.
San Antonio, TX 78207

BANK OF AMERICA N.A.
P O BOX 982284
EL PASO, TX 79998-2238

LINDA GIMBEL, STATE COURT RECEIVER
19179 BLANCO RD, STE 422
SAN ANTONIO, TX 78258

Linda Gimbel
State Court Receiver
19179 Blanco Rd., Ste 422
San Antonio, TX 78258

Synchrony Bank/Sams Club
Attn: Bankruptcy Dept
PO Box 965060
Orlando, FL 32896

Citibank, N.A.
6716 Grade Ln. Blg. 9 Ste 910-PYDEPT
Luisville, KY 40213-3439

Citibank, N.A.
5800 S Corporate Pl
Sioux Falls, SD 57108-5027

CARVANA, LLC
P O BOX 29018
PHOENIX, AZ 85038

Syncb/JCI Home Design
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

Portfolio Recovery Associates, LLC
POB 41067
Norfolk VA 23541
Portfolio Recovery Associates, 23541

Christopher P. Riley
Attorney at Law
5725 W. Highway 290, STe. 103
Austin, TX 78735-2333

Joseph Vargas
224 Seminole St.
San Antonio, TX 78207

Noack Law Firm
24165 IH-10 West, Ste. 217-418
San Antonio, TX 78257

Select Portfolio Servicing, Inc.
c/o Kirk Schwartz
13105 Northwest Freeway, Suite 1200
Houston, TX 77040

LINDA GIMBEL, STATE COURT RECEIVER
LAW OFFICES OF WILLIAM B. KINGMAN,
P.C.
3511 BROADWAY
SAN ANTONIO, TX 78209

Towd Point Mortgage Trust 2018-2, U.S. Bank
c/o Select Portfolio Servicing, Inc.
P.O. Box 65250
Salt Lake City, UT 84165-0450

LAW OFFICE OF GERALD M SHAPIRO LLP
ATTENTION: GRANT M TABOR
13105 NORTHWEST FREEWAY SUITE 1200
HOUSTON, TX  77040

/S/

_____
MARSHALL L. ARMSTRONG
TSBN: 24027037
STAFF ATTORNEY FOR THE CHAPTER 13 TRUSTEE